EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JESSICA N. BLONIEN
Supervising Deputy Attorney General
BRIAN C. KINNEY, State Bar No. 245344
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5255
 Fax: (415) 703 5843
 Email: Brian.Kinney@doj.ca.gov

Attorneys for Respondent Ben Curry,
Warden at the Correctional Training Facility

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DUANE ROY WEIR,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>BEN CURRY, Warden,<br><br>　　　　　　　　　　Respondent. | No. C 07-05955 TEH<br><br>**ANSWER AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

　　　　As an Answer to the Petition for Writ of Habeas Corpus filed by California inmate Duane Roy Weir, C-02190, Respondent Warden Ben Curry, admits, denies, and alleges as follows:

　　　　1.　Weir is in the lawful custody of the California Department of Corrections and Rehabilitation based upon a jury verdict finding petitioner guilty of first degree murder, robbery and grand theft with an enhancement for the use of a firearm. (Ex. A, Informal Response to Weir's State Habeas Petition, at Ex. 1 [Judgment - Commitment].) Weir is serving a sentence of seven years to life in prison. (*Id.* at Exs. 1, 2 [Probation Officer's Report], 3, p. 1 [Parole Hearing Transcript, dated March 13, 2006].)

2. Weir's Petition does not challenge his conviction; instead, it raises various claims challenging the Board of Parole Hearings' March 13, 2006 decision finding him unsuitable for early release to parole.[1] (*See generally* Pet.)

3. Weir filed a January 8, 2007 petition for writ of habeas corpus in the San Bernardino County Superior Court, raising the same challenges to the Board's 2006 decision that he asserts in his federal Petition. (Ex. B, Super. Ct. Pet.; Ex. A; Ex. C, Informal Reply; Ex. D, Super. Ct. Order.) The superior court denied Weir's petition in a reasoned decision finding that "there is more than 'some evidence' to support the Board's finding." (Ex. D, at p. 4.)

4. Weir then raised the same claims in petitions to the California Court of Appeal and the California Supreme Court. (Ex. E, Ct. App. Pet.; Ex. F, Ct. App. Order; Ex. G, Sup. Ct. Pet.; Ex. H, Sup. Ct. Order.) Both petitions were summarily denied. (Ex. F; Ex. H.)

5. Respondent admits that Weir exhausted his state court remedies regarding his claims. Specifically, Weir claimed that the Board violated his due process rights by: 1) relying on immutable factors; 2) finding that he requires self-help and therapy programs; and 3) using his history of alcoholism and his need for treatment to deny parole. Respondent affirmatively alleges that to the extent Weir's claims allege violations of state law, Weir has failed to raise a cognizable claim for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Respondent denies that Weir exhausted his claims to the extent they are interpreted more broadly to encompass any systematic issues beyond this claim.

6. Respondent admits Weir's claims are timely under 28 U.S.C. § 2244(d)(1). Respondent admits that the Petition is not subject to any other procedural bar.

7. Respondent denies that Weir is entitled to federal habeas relief under 28 U.S.C. § 2254 because the state court decisions were not contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts.

---

1. Although the Court's Order states that Weir is challenging his 2007 denial, the Petition appears to challenge Weir's 2006 parole suitability denial. Weir has not exhausted state court remedies for his 2007 denial. Moreover, the Statute of Limitations has run on prior denials.

Answer and Supporting Memorandum of Points and Authorities

2

8. Respondent denies that Weir has a federally protected liberty interest in parole and, therefore, alleges that he has not stated a federal question invoking this court's jurisdiction. The Supreme Court has not clarified the methodology for determining whether a state has created a federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (federal liberty interest in correctional setting created only when issue creates an "atypical or significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545 U.S. 209, 229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest). California's parole statute does not contain mandatory language giving rise to a protected liberty interest in parole under the mandatory-language approach announced in *Greenholtz*. *In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's parole scheme is a two-step process that does not impose a mandatory duty to grant life inmates parole before a suitability finding). And continued confinement under an indeterminate life sentence does not impose an "atypical or significant hardship" under *Sandin* since a parole denial does not alter an inmate's sentence, impose a new condition of confinement, or otherwise restrict his liberty while he serves his sentence. Thus, Respondent asserts that Weir does not have a federal liberty interest in parole under either *Greenholtz* or *Sandin*. Respondent acknowledges that in *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) the Ninth Circuit held that California's parole statute creates a federal liberty interest in parole under the mandatory-language analysis of *Greenholtz*, but preserves the argument, as this issue is being reviewed by an en banc panel of the Ninth Circuit. *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, __ F.3d __, No. 06-55392 (9th Cir. filed May 16, 2008).

9. Even if Weir has a federal liberty interest in parole, he received all due process to which he is entitled under clearly established federal law because he was provided with an opportunity to be heard and a statement of reasons for the Board's decision. *Greenholtz*, 442 U.S. at 16.

10. Respondent denies that the some-evidence test is clearly established federal law in the

Answer and Supporting Memorandum of Points and Authorities
3

1 parole context.

2     11. Respondent denies that the Board's reliance on immutable factors violates clearly established federal law. Respondent further denies that the Board relied solely on unchanging factors in its 2006 decision.

    12. Respondent denies that the Board's finding that Weir lacks meaningful self-help programming violates his due process rights.

    13. Respondent alleges there is some evidence supporting the Board's 2006 decision.

    14. Respondent denies that Weir received ineffective assistance of counsel at his 2006 parole consideration hearing.

    15. Respondent submits that an evidentiary hearing is not necessary because the claims can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999).

    16. Respondent denies that Petitioner is entitled to release. The remedy is limited to the process that is due, which is a new parole consideration hearing comporting with due process. *See Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest in parole is limited by the Board's exercise of discretion, and a due process error does not entitle an inmate to a favorable parole decision).

    17. Weir fails to state or establish any grounds for habeas corpus relief.

    18. Except as expressly admitted in this Answer, Respondent denies the allegations of the Petition.

/ / /

/ / /

/ / /

Answer and Supporting Memorandum of Points and Authorities

4

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Weir claims that the Board's 2006 decision finding him unsuitable for parole violated his due process rights. But Weir merely alleges a disagreement with the Board's decision, and fails to establish that the state court decisions denying his due process claims were contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or were based on an unreasonable determination of the facts. Thus, there are no grounds for federal habeas relief.

### ARGUMENT

### I.

### WEIR HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER AEDPA.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal court may not grant a writ of habeas corpus unless the state court's adjudication was either: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2) (2000). Weir has not demonstrated that he is entitled to relief under this standard.

**A.  Weir Has Not Shown that the State Court Decisions Were Contrary to Clearly Established Federal Law.**

As a threshold matter, the Court must decide what, if any, "clearly established Federal law" applies. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). In making this determination, the Court may look only to the holdings of the United States Supreme Court governing at the time of the state court's adjudication. *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 653 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). The only case in which the Supreme Court has addressed the process due in state parole proceedings is *Greenholtz*. *Greenholtz*, 442 U.S. 1. The Supreme Court there held that due process is satisfied when the state provides an inmate an

1  opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The
2  Constitution does not require more." *Id.*[2/] No other Supreme Court holdings require more at a
3  parole hearing.
4      Weir does not contest that he received the *Greenholtz* protections. (*See generally* Pet.)
5  Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding
6  an inmate's due process rights during parole proceedings, the state court decision upholding the
7  Board's decision was not contrary to clearly established federal law. Thus, the Petition should be
8  denied.
9      Although Weir alleges that the Board's decision must be supported by some evidence, there
10 is no clearly established federal law applying this standard to parole decisions. The Supreme
11 Court has held that under AEDPA a test announced in one context is not clearly established
12 federal law when applied to another context. *Wright v. Van Patten*, ___U.S.___ 128 S. Ct. 743,
13 746-47 (2008); *Schriro v. Landrigan*, ___U.S.___, 127 S. Ct. 1933 (2007); *Musladin*, 127 S. Ct.
14 at 652-54; *see also*, *Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007); *Nguyen v. Garcia*,
15 477 F.3d 716, 718, 727 (9th Cir. 2007); *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th Cir. 2007).
16 The Supreme Court developed the some-evidence standard in the context of a prison disciplinary
17 hearing, *Superintendent v. Hill*, 472 U.S. 445, 457 (1985), which is a fundamentally different
18 context than a parole proceeding. Because the tests and standards developed by the Supreme
19 Court in one context cannot be transferred to distinguishable factual circumstances for AEDPA
20 purposes, it is not appropriate to apply the some-evidence standard of judicial review to parole
21 decisions.
22     Thus, the Ninth Circuit's application of the some-evidence standard to parole decisions is
23 improper under AEDPA, and this issue is being reviewed en banc by the Ninth Circuit. (Ex. I.)
24 Moreover, AEDPA does not permit relief based on circuit caselaw. *Crater*, 491 F.3d at 1123,

---

26  2. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level
27 of process due for inmates being considered for release on parole includes an opportunity to be heard and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz*'s
28 methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its] discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

Answer and Supporting Memorandum of Points and Authorities

6

1126 (§ 2254(d)(1) renders decisions by lower courts non-dispositive for habeas appeals); *Earp v. Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005) ("Circuit court precedent is relevant only to the extent it clarifies what constitutes clearly established law." . . ."Circuit precedent derived from an extension of a Supreme Court decision is not clearly established federal law as determined by the Supreme Court."); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). Therefore, the Ninth Circuit's use of the some-evidence standard is not clearly established federal law and is not binding on this Court. *See, e.g., Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003); *Sass*, 461 F.3d at 1128; *Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007)

Similarly, Weir's additional claim that the Board's reliance on the immutable factor of his commitment offense violates due process finds no support in Supreme Court precedent. Although the Ninth Circuit has suggested that this might amount to an additional due process claim, *Biggs*, 334 F.3d at 917, because there is no clearly established federal law precluding reliance on unchanging factors federal habeas relief is not available. 28 U.S.C. § 2254(d).

In sum, the only clearly established federal law setting forth the process due in the parole context is *Greenholtz*. Weir does not allege that he failed to receive these protections. Therefore, Weir has not shown that the state court decisions denying habeas relief were contrary to clearly established federal law.

**B.    Weir Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law.**

Habeas relief may only be granted based on AEDPA's unreasonable-application clause where the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406. The petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at 410; *Lockyer*, 538 U.S. at 75. Respondent recognizes that the Ninth Circuit applies the some-evidence standard as clearly established federal law, but even accepting that premise, Weir is not entitled to federal habeas relief. Indeed, the California Supreme Court has adopted *Hill*'s some-evidence test as the judicial standard to be used in evaluating parole decisions, *In re Rosenkrantz*, 29 Cal. 4th 616 (2002), and Weir has not shown that the state courts unreasonably applied the

standard.

Here, the state court applied the some-evidence standard and found evidence in the record supporting the Board's denial.[3/] (Ex. D.) The superior court noted that "the primary basis for the [Board's unsuitability] finding . . . was the circumstances of the crime." (*Id.* at p. 4.) And, as explained in the superior court's decision, "[t]he Board thoroughly discussed the circumstances of the crime and its reasons and . . . there is more than 'some evidence' to support the Board's finding." (*Id.*) The superior court also noted that the Board made "some specific suggestions to the Petitioner as to items that should be of concern for his next hearing." (*Id.*) Accordingly, the state court did not unreasonably apply the *Hill* some-evidence test. Petitioner is merely seeking to have this Court re-weigh the parole decision, which has no basis in Supreme Court law.

### C. Weir Has Not Shown that the State Court Decisions Were Based on an Unreasonable Determination of the Facts.

Under § 2254(d)(2), habeas corpus cannot be granted unless the state courts' decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court. The state court's factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Although Weir alleges that the Board's decision is not supported by the evidence, he does not show that the state court made factual errors. The superior court's decision notes that the court's previous December 16, 2005 order "set forth the facts of the committed crime" and that "it is not necessary to repeat them here." (Ex. D, at p. 2.) Weir does not allege nor establish that those facts set forth in the state court's December 16, 2005 order were unreasonable. As a result, Weir fails to establish by clear and convincing evidence that he is entitled to habeas relief under § 2254(d)(2). Weir merely disagrees with the weight the Board assigned to the evidence and this disagreement does not entitle him to federal habeas relief.

---

3. When, as here, the California Supreme Court denies a petition for review without comment, the federal court will look to the last reasoned decision as the basis for the state court's judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). Here, the San Bernardino County Superior Court issued the last reasoned decision.

Answer and Supporting Memorandum of Points and Authorities

# CONCLUSION

Weir has not demonstrated that the state court decisions denying habeas relief were contrary to, or an unreasonable application of, United States Supreme Court authority, or based on an unreasonable determination of the facts. Thus, the Petition should be denied.

Dated: June 30, 2008

                              Respectfully submitted,

                              EDMUND G. BROWN JR.
                              Attorney General of the State of California

                              DANE R. GILLETTE
                              Chief Assistant Attorney General

                              JULIE L. GARLAND
                              Senior Assistant Attorney General

                              JESSICA N. BLONIEN
                              Supervising Deputy Attorney General

                              /S/ BRIAN C. KINNEY
                              BRIAN C. KINNEY
                              Deputy Attorney General
                              Attorneys for Respondent

SF2008401168

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Weir v. Curry**

No.:   **C 07-05955 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 1, 2008**, I served the attached

**ANSWER AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Duane Roy Weir (C-02190)
Correctional Training Facility
F-118-U-P.O. Box 705
Soledad, CA 93960-0705
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 1, 2008**, at San Francisco, California.

|  |  |
|---|---|
| R. Panganiban | /S/R. Panganiban |
| Declarant | Signature |

20118950.wpd