# EXHIBIT D

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
Department No. S-12
351 North Arrowhead Avenue
San Bernardino, California 92415-0240

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 2 5 2007

BY _____
                    DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

SAN BERNARDINO DISTRICT

In re the Petition of )  Case No. SWHSS-9118
 )
DUANE ROY WEIR, ) ORDER DENYING PETITION
 ) FOR WRIT OF HABEAS CORPUS
For Writ of Habeas Corpus. )
 )

Petitioner filed this Petition for Habeas Corpus concerning his latest denial of a finding of unsuitability for parole on March 16, 2006 by the Board of Parole Hearings. He filed his Petition in the Superior Court in the County of Monterey but because he was convicted in the County of San Bernardino, the Petition was transferred to this court on December 29, 2006. The Petition was actually received and filed on January 8, 2007.

The court has read and considered the Petition: the Informal Response filed on March 26, 2007; and the Informal Reply filed on May 14, 2007.

The Petitioner has had fourteen (14) hearings since his being received by the Department of Corrections. In April of 2002, he was found suitable but this finding was reversed by the Governor on September 13, 2002. Thereafter, he appeared before the Board two times and he was found unsuitable for parole. The last time was on March

-1-

13, 2006 and it is on the basis of the finding at this hearing that the present Petition was filed.

The Petitioner contends that his due process rights are being denied by the continual denial of parole on the unchanging facts of the committed crime and his prior criminal history. This court denied on December 16, 2005 the Petitioner's Petition for Habeas Corpus requesting that the finding of unsuitability on August 6, 2004 be set aside. This court set forth the facts of the committed crime in its order of December 16, 2005 and it is not necessary to repeat them here.

Basically, the Board reviewed the same factors in the latest hearing that were considered in the August of 2004 proceedings.

Just as the facts of the Petitioner's committed crime have not changed, the law concerning the trial courts authority considering the findings of the Board has not been altered.

In re Rosenkrantz 29 Cal. 4th 616 and In re John E. Dannenberg 34 Cal. 4th 1061 still contain the last and most definitive word on the area of law controlling judicial review of Board of Parole Hearing decisions denying a finding of suitability for parole and the Governor's reversal of the Board's decisions which do find suitability. Although these holdings in the High Court with ruling on the Governor's actions, the rules concerning review also apply judicial review of a Board of Parole Hearings decisions. This is evident by the court referring continually to the rules which govern the Board as being the same rules that control judicial review of the Governor's decision.

In re John E. Dannenberg 34 Cal.4th 1061 held that nothing in Penal Code § 3041 stated or suggested that the Board had to evaluate the case under standards of term uniformity before exercising its authority to deny a parole on grounds that the particular offenders criminality presented a continuing public danger. The court held that the Board exercising its traditional broad discretion could protect public safety in each individual case by considering the dangerous implications of a life prisoner's

1   crime individually.

2         Penal Code Section 3041(b) provides for parole review of inmates such as
3   petitioner and further provides that such inmates shall be given a release date unless
4   the Board determines that the gravity of the current convicted offense is such that
5   consideration of the public safety requires a more lengthy period of incarceration.
6   California Code of Regulations, Title 15, Section 2402(a)(b)(c)(d) sets forth the rules by
7   which the Board is to make its determination. As stated by the court, parole applicants
8   have an expectation of being granted parole unless the Board finds in the exercise of
9   its discretion that the applicant is unsuitable. The operative words are "in the exercise
10  of its discretion." Judicial review of this discretion is limited only to a determination of
11  whether there is "some evidence" in the record to support the decision. As held by the
12  Court, this standard of "some evidence" is extremely deferential.

13        The reviewing court is prohibited from conducting an independent assessment
14  of the merits or considering whether substantial evidence supports the findings of the
15  Board and its underlying decision. The Board is required to consider the petitioner's
16  background, his institutional participation, post-parole plans, as well as the
17  psychological evaluations. The high Court held, however, that the nature of the
18  inmate's offense, alone, can constitute a sufficient basis for denying parole. This does
19  not permit the paroling authority to automatically exclude parole for individuals who
20  have been convicted of a particular type of offense.

21        A review of the record supports a finding that there was "some evidence" which
22  led the Board to its finding of unsuitability of the petitioner for parole, for as the Court
23  described such evidence, it need be only a "modicum" of evidence.

24        The Board did consider the positive factors which favored parole and made its
25  finding that these did not outweigh the factors surrounding the circumstances of the
26  crime. While the decision did not reflect the weighing process of the Board, the
27  Rosenkrantz Court, at page 677, clearly states that the Board need not explain its
28  decision or the precise manner in which the specific facts were relevant to parole

1  suitability. This consideration and balancing lie within the discretion of the Board.

2  It is plain and the Board stated in its decision that the primary basis for the finding of the Petitioner being unsuitable for parole and that he would impose an unreasonable risk or threat to society was the circumstances of the crime. The Board thoroughly discussed the circumstances of the crime and its reasons and there is no need for this court to reiterate those reasons stated, except to say that there is more than "some evidence" to support the Board's finding.

The Board did make some specific suggestions to the Petitioner as to items that should be of concern for his next hearing. Most of the suggestions were that the Petitioner and his wife have specific plans for the Petitioner and his living circumstances once he is found suitable for parole.

The Petition for Writ of Habeas Corpus is denied.

Dated this __25__ day of May, 2007.

_____
BRIAN S. McCARVILLE
Judge of the Superior Court

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino Superior Court
351 N Arrowhead Ave
San Bernardino, CA 92415

------------------------------------------------------------
------------------------------------------------------------

CASE NO: SWHSS9118

I M P O R T A N T   C O R R E S P O N D E N C E

From the above entitled court, enclosed you will find:

------------------------------------------------------------
------------------------------------------------------------

CERTIFICATE OF SERVICE BY MAIL

I hereby declare that I am over the age of 18 years, a resident of San Bernardino County, State of California, and not a party to nor interested in the above-entitled case. I am a Deputy Court Executive Officer of the said County and on the date shown below I served the above named document by enclosing it in an envelope addressed to the interested party, for collection and mailing this date, following ordinary business practice.

Executed on 05/30/07 at San Bernardino, CA. By ESPERANZA MORTSOLF

------------------------------------------------------------

M A I L I N G   C O V E R   S H E E T